IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL ROBERSON,

    Petitioner

v.

IMMIGRATION AND
NATURALIZATION SERVICE,

    Respondent

CIVIL NO. 1:CV-01-1235

(Judge Rambo)

FILED
HARRISBURG, PA
NOV 07 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## MEMORANDUM AND ORDER

Before the court is a petition for writ of habeas corpus filed by Paul Roberson on July 2, 2001 pursuant to 28 U.S.C. § 2241. Petitioner is not attempting to litigate the merits of his removal proceedings with Immigration and Naturalization Service ("INS") or the Board of Immigration Appeals ("BIA"). Instead, Petitioner contests mandatory detention without opportunity for release under supervision during completion of those proceedings as required by 8 U.S.C. § 1226(c) and § 236(c) of the Immigration and Naturalization Act ("INA"),. Because Petitioner has a substantive and procedural due process right to a hearing before the immigration judge on whether he should have been released on bond pending completion of the INS proceedings, the petition for habeas relief will be granted.

## I. BACKGROUND

Petitioner is a detainee of the INS confined at the York County Prison, in York, Pennsylvania at the time he filed his petition for writ of habeas corpus.[1] The

---

[1] The petition was served on Respondent and a response brief was filed on July 30, 2001. Although not required, Petitioner has the right to file a reply brief. Because Petitioner did not file a

petition was accompanied by a motion to proceed *in forma pauperis* which was granted by an order dated July 10, 2001. Petitioner is currently detained by the INS pursuant to the mandatory detention provision of § 236(c) of the INA. Petitioner contends that since his deportation has been withheld pursuant to the Convention Against Torture, his release should be effectuated in the interim while the INS' appeal is pending with the BIA. A response has been filed and this matter is ripe for disposition.

Petitioner is a citizen of Haiti. He entered the United States in 1988. On August 11, 1999, Petitioner entered a plea of guilty to assault in the second degree in Kings County, New York and received a two year sentence. On May 8, 2000, the INS initiated removal proceedings against Petitioner. The INS charged Petitioner with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii), (a)(2)(B)(i), based on his criminal conviction.

On December 21, 2000, an immigration judge found Petitioner removable and ordered his deportation. However, the immigration judge also found that Petitioner was eligible for relief from removal under § 241(b)(3) of the INA, 8 U.S.C. § 1231(b). Accordingly, the immigration judge ordered that Petitioner's deportation be withheld under Article 3 of the Convention Against Torture. The

---

reply brief, this court *sua sponte* contacted the York County Jail on September 17, 2001, and was informed that Petitioner was en route to Louisiana. On September 25, 2001, the court confirmed that Petitioner was transferred to New Orleans, Louisiana. By order dated October 3, 2001, Respondent was directed to file a status report by October 17, 2001. Petitioner has since been transferred to the Tangipahoa Parish Jail in Amite, Louisiana. Respondent has failed to comply with the court order. Since a status report has not been submitted, the court has no grounds to believe that Petitioner's status with the INS has changed and, therefore, this court continues to have jurisdiction in this matter.

INS appealed this decision to the BIA on December 21, 2000. The appeal is still pending.

Petitioner is currently detained pursuant to the mandatory detention provisions of § 236(c) of the INA, 8 U.S.C. § 1226(c), pending a determination of his appeal to the BIA. In the instant case, Petitioner contends that such mandatory detention is unconstitutional. Respondent asserts that, giving deference to Congress' plenary powers governing all aspects of deportation proceedings, the detention provisions of § 1226(c) clearly meet a rational basis test and are constitutional.

## II. DISCUSSION

The law in this area is unsettled. Some courts have found that immigrants have no due process rights in these circumstances and must stay in detention during the INS administrative proceedings. *See, e.g., Avramenkov v. INS*, 99 F. Supp.2d 210 (D. Conn. 2000); *Okeke v. Pasquarell*, 80 F. Supp.2d 635 (W.D. Tex. 2000); *Reyes v. Underdown*, 73 F. Supp.2d 653 (W.D. La. 1999). Other courts, including the Middle District of Pennsylvania, have decided otherwise. *See Koita v. Reno*, 113 F. Supp.2d 737 (M.D. Pa. 2000); *Chukwuezi v. Reno*, Civil No. 3:CV-99-2020, 2000 WL 1372883, slip op. at 3-4 (M.D. Pa. May 16, 2000)(Vanaskie, C.J.); *see also Juarez-Vasquez v. Holmes*, No. C.A. 00-4727, 2000 WL 1705775, slip op. at 2 (E.D. Pa. Nov. 3, 2000); *Welch v. Reno*, 101 F. Supp.2d 347 (D. Md. 2000); *Bouayad v. Holmes*, 74 F. Supp.2d 471 (E.D. Pa. 1999).

After review of the case law, the court finds the latter position to be more persuasive. Specifically, Petitioner has both a substantive and procedural due process right to a hearing on whether he should be released on bond pending

completion of his INS proceedings. Petitioner entered this country legally[2] and, thus, has a liberty interest in freedom from bodily restraint protected by both substantive and procedural due process. *See Bouayad*, 74 F. Supp.2d at 474. The Third Circuit has held that even an inadmissible alien, one apprehended before entry into this country, is protected by substantive due process. *See Ngo v. INS*, 192 F.3d 390 (3d Cir. 1999). In *Ngo*, the court held that long term detention of an alien subject to a final removal order does not violate due process provided three criterion are met. First, there must be a possibility of the alien's eventual removal. Second, there must be adequate and reasonable procedures to seek release pending removal. Third, there must be an adequate factual premise for a conclusion that detention is necessary to prevent a risk of flight or threat to the community. *Id.* at 397. If an alien who is subject to a final removal order is entitled to an opportunity to seek release pending execution of the removal order, then surely an alien who is not yet subject to a final removal order should be accorded the same opportunity. *See also Zadvydav v. Davis*, 121 S. Ct. 2491 (2001).

Due process requires an opportunity for an evaluation of the individual's detention. Petitioner is not seeking an appeal and thus creating the delay. Instead, Petitioner, who was found eligible for relief from removal under § 241(b)(3) and had his deportation withheld under Article 3 of the Convention Against Torture, may not gain his freedom until the INS has ruled on his appeal. Petitioner, therefore, remains in limbo until such a ruling has been issued. While the court recognizes that Petitioner does not possess an absolute right to be released pending

---

[2]Although the record does not indicate how Petitioner entered the country, the Respondent does not assert that Petitioner is illegally in the country and his deportation was based on a criminal conviction.

4

a decision by the BIA, we find that to comport with the requirements of due process, he must be afforded the opportunity to seek his release. Accordingly, the court finds that Petitioner is entitled to be released unless the INS affords him a meaningful opportunity to be heard on the question of his release pending the outcome of the removal proceedings. Such review must be equivalent to that found acceptable by the Third Circuit in *Ngo*.

### III. ORDER

In accordance with the preceding discussion, **IT HEREBY ORDERED THAT** Petitioner's petition for the writ of habeas corpus is **CONDITIONALLY GRANTED**, as follows:

(1) Petitioner shall be released unless, within thirty (30) days of the date of this order, Respondent grants Petitioner a review of his detention in accordance with the procedures discussed in *Ngo v. INS*, 192 F.3d 390 (3d Cir. 1999), or other procedures that are as favorable.

(2) The Clerk of Court shall close this case. However, Petitioner may reopen this case if Respondent has not granted Petitioner the relief ordered by this court within the time prescribed herein.

SYLVIA H. RAMBO
United States District Judge

Dated: November 7, 2001.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

Re:  1:01-cv-01235   Roberson v. Immigration and Natu

True and correct copies of the attached were mailed by the clerk to the following:

```
Paul Roberson #A41-583-833
Tangipahoa Parish Jail
101 Campo Lane
Amite, LA  70422

Mark Everett Morrison, Esq.
Martin Carlson
United States Attorney
228 Walnut Street
Second Floor
Harrisburg, PA  17108
```

```
cc:
Judge                        (X )        (X ) Pro Se Law Clerk
Magistrate Judge             ( )         ( ) INS
U.S. Marshal                 ( )         ( ) Jury Clerk
Probation                    ( )
U.S. Attorney                ( )
Atty. for Deft.              ( )
Defendant                    ( )
Warden                       (X )
Bureau of Prisons            ( )
Ct Reporter                  ( )
Ctroom Deputy                ( )
Orig-Security                (X )
Bankruptcy Court             ( )
Other_____         ( )
```

MARY E. D'ANDREA, Clerk

DATE: November 7th, 2001

BY: _____
Deputy Clerk